UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD J. TRUMP,

    Plaintiff,

vs.

FRANK DAGOSTINO; ROBERT LYONS;     Case No. 8:09-cv-02460-JDW-WAJ
PATRICK SHEPPARD; and JODY SIMON,

    Defendants.

_____/

## AMENDED VERIFIED COMPLAINT
## FOR BREACH OF SETTLEMENT AGREEMENT

The plaintiff, Donald J. Trump ("Trump"), pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, hereby files his amended complaint against defendants, Frank Dagostino ("Dagostino"); Robert Lyons ("Lyons"); Patrick Sheppard ("Sheppard"); and Jody Simon ("Simon") (collectively, the "Guarantors"), and states as follows:

    1.     This Court has jurisdiction over Trump's claims and venue is proper in this Court, pursuant to paragraph 11(b) of the Settlement Agreement identified in paragraph 5 hereof.

    2.     All conditions precedent to the filing of this action have been performed, waived, or excused.

    3.     On May 29, 2007, Trump initiated a lawsuit in this Court against SimDag/Robel, LLC ("SimDag") and the Guarantors, styled *Donald J. Trump v. Simdag/Robel, LLC, Frank Dagostino, Howard Howell, Robert Lyons, Patrick Sheppard, and Jody Simon*; Case No. 8:07-cv-00910-JDW-TBM (the "Action").

4. Pursuant to the Action, Trump sought to collect from SimDag and the Guarantors amounts owed to Trump under (i) a license agreement executed by and between Trump and SimDag (the "License Agreement") whereby Trump, among other things, agreed to grant to SimDag a license in, and right to use, Trump's registered trademark "Trump Tower Tampa" in accordance with, and subject to, the terms of the License Agreement; and (ii) a personal guaranty of the amounts owed to Trump under the License Agreement executed by the Guarantors.

5. On or about April 6, 2009, Trump and the Guarantors entered into a settlement agreement in full settlement of the claims and counterclaims asserted by and between Trump and the Guarantors in the Action (the "Settlement Agreement").

6. Trump fully performed his obligations under the Settlement Agreement.

7. Pursuant to the terms of the Settlement Agreement, the Guarantors were obligated to make certain payments to Trump.

8. However, the Guarantors materially breached the Settlement Agreement by failing and refusing to make any of the payments as called for by the Settlement Agreement (the "Default").

9. As a direct and proximate result of the Guarantors' Default, Trump has suffered damages.

10. As required by paragraph 10 of the Settlement Agreement, Trump has provided each Guarantor with written notice of the Default, and the Guarantors have failed to cure the Default within ten (10) days from their respective receipt of such written notice.

11. Pursuant to paragraph 11 of the Settlement Agreement, the Guarantors waived any and all defenses to this action other than the defense of payment.

12. Accordingly, and also pursuant to paragraph 11 of the Settlement Agreement, if within ten (10) days after the filing of this complaint the Guarantors do not file affidavits attesting that the failed payments were in fact made, accompanied by copies of documents demonstrating that such payments were made, Trump is entitled to entry of a judgment against each individual Guarantor in the amount of Fifty Thousand Dollars ($50,000.00) plus any interest accrued thereon, plus any attorneys' fees and costs incurred by Trump in enforcing the Settlement Agreement, plus any amounts owed to Trump by the Guarantors pursuant to the Indemnity, as defined in the Settlement Agreement.

13. To date, each Guarantor owes Mr. Trump $14,743.41 pursuant to the Indemnity, as defined in the Settlement Agreement, which amount continues to increase as further fees are accrued.

14. Thus, Trump is entitled to entry of a judgment against each individual Guarantor in an amount not less than $64,743.41, plus all attorneys' fees and costs incurred by Trump in bringing this action.

15. Trump has retained the services of the undersigned attorneys to prosecute the claims asserted in this Complaint, and is therefore obligated to pay the undersigned a reasonable fee for their services. Pursuant to paragraph 25 of the Settlement Agreement, the Guarantors are responsible for all attorneys' fees incurred by Trump in the prosecution of this action.

WHEREFORE, Trump respectfully requests that, unless within ten (10) days from the filing of this Complaint, the Guarantors file affidavits attesting that the payments required under the Settlement Agreement were in fact made to Trump, accompanied by copies of documents demonstrating that such payments were made, this Court enter Judgments against the Guarantors for the following:

a.  compensatory damages;

b.  pre-judgment and post-judgment interest on the claim as allowed by law;

c.  attorneys' fees;

d.  the costs of this action; and

e.  such other and further relief as the Court deems proper.

/s/ Christopher L. Griffin
Christopher L. Griffin (FBN 273147)
(cgriffin@foley.com)
Lauren L. Valiente (FBN 034775)
(lvaliente@foley.com)
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
P.O. Box 3391
Tampa, FL 33601-3391
Telephone: 813.229.2300
Facsimile: 813.221.4210
Attorneys for Trump

## VERIFICATION

_____
Donald J. Trump

STATE OF NEW YORK
COUNTY OF NEW YORK

BEFORE ME, the undersigned authority, personally appeared, Donald J. Trump ("Verifier") who, after being duly sworn, stated that: (a) Verifier's name is Donald J. Trump; (b) (b) Verifier has personal knowledge of the facts and circumstances set forth in the Verified Complaint (the "Complaint"); (c) Verifier has read the Complaint; (d) the facts stated in the Complaint are true and correct; and (e) Verifier has freely and voluntarily executed the Complaint.

Sworn to and subscribed before me this 24th day of November 2009, by Donald J. Trump, who is personally known to me or who has produced _____ as identification.

_____
Notary Public
[SEAL]

ALAN GARTEN
Notary Public, State of New York
No. 02GA6021578
Qualified in Nassau County
Commission Expires on March 15, 20 11

My commission expires: 3/15/2011

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2009, pursuant to paragraph 11(b) of the Settlement Agreement, I served the foregoing document via Federal Express on the following:

Frank Dagostino
c/o Charles M. Harris, Jr., Esquire
Trenam Kemker, P.A.
200 Central Avenue, Suite 1600
St. Petersburg, Florida 33701

Robert Lyons
c/o Wanda Hagan Golson, Esquire
Golson Legal, P.A.
1724 E. 5th Avenue
Tampa, Florida 33605

Jody Simon
c/o Wanda Hagan Golson, Esquire
Golson Legal, P.A.
1724 E. 5th Avenue
Tampa, Florida 33605

Patrick Sheppard
c/o J. Paul Raymond, Esquire
625 Court Street
Clearwater, Florida 33756

/s/ Christopher L. Griffin
    Attorney