UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD J. TRUMP,

        **Plaintiff,**

v.                                        Case No. 8:09-CV-2460-T-27EAJ

FRANK DAGOSTINO, et al.,

        **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Renewed Request for Entry of Default Against Frank Dagostino, Robert Lyons, and Jody Simon (Dkt. 11). Upon consideration, the motion is GRANTED.

Pursuant to Fed. R. Civ. P. 55(a), Plaintiff initially applied for a Clerk's default against Defendants Dagostino, Lyons, and Simon (Dkts. 7, 8, 9) based on affidavits stating that (a) pursuant to a provision of the Settlement Agreement which forms the basis of Plaintiff's claim, Dagastino, Lyons, and Simon agreed to receive service of process by Federal Express courier delivery to their respective attorneys and (b) Plaintiff's counsel served Defendants by causing the Complaint to be delivered by Federal Express to Defendants' attorneys designated in the Settlement Agreement. The Court denied (Dkt. 10) the application but permitted Plaintiff to file a renewed application attaching relevant portions of the Settlement Agreement addressing service[1] and including a memorandum of legal authority demonstrating that the service satisfied Fed. R. Civ. P. 4(e) (authorizing service of the summons and complaint by "delivering a copy of each to an agent authorized by appointment . . . to receive service of process.").

Plaintiff's renewed application attaches portions of the Settlement Agreement containing (1)

---

[1] The Settlement Agreement was not before the Court.

a clause authorizing a separate action in the Middle District of Florida to enforce the Settlement Agreement and stating that "service of process for the Enforcement Action . . . . may be accomplished by delivery of the Complaint and Summons to the Guarantor[2] in default by Federal Express or other recognized overnight delivery service" (Dkt. 11-2 at 2) and (2) a provision stating that "[a]ny notices required hereunder shall be delivered by Federal Express, or other recognized overnight delivery service" to Defendants' designated attorneys. (Dkt. 11-2 at 3-5[3]).

"[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-316 (1963). Accordingly, parties generally may agree in advance to a method of service not otherwise permitted by Rule 4. *See Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997); *Albert Levine Assocs., Inc. v. Hudson*, 43 F.R.D. 392, 393-94 (S.D.N.Y. 1967); 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1062 (3d ed.) (noting that parties may consent to receive service of process in a manner that deviates from Rule 4 or may waive notice and service altogether and that *Szukhent* "broadly affirms the right of parties to regulate notice and service of process by contract.").

As the parties' agreement contemplates service of process upon Defendants by Federal Express courier delivery to their designated attorneys, Plaintiff's Renewed Request for Entry of Default Against Frank Dagostino, Robert Lyons, and Jody Simon (Dkt. 11) is **GRANTED**.

Pursuant to Fed. R. Civ. P. 55(a), the Clerk is directed to enter default against Defendants

---

[2] Plaintiff sued Defendants Dagostino, Lyons, Simon, and others in an earlier action, *Trump v. Simdag/Robel, LLC, et al.*, No. 8:07-cv-910-T-27TBM ("*Trump I*"), on the basis of an October, 2004, Guaranty Agreement. The Complaints in both actions refer to Defendants Dagostino, Lyons, Simon, and others as the "Guarantors." *See* Dkt. 6 at 1; *Trump I*, Dkt. 1, ¶¶ 24-28.

[3] The attorneys designated in the agreement are (a) Charles Harris, Jr., Esq., Trenam Kemker, P.A., 200 Central Avenue, Suite 1600, St. Petersburg, Florida 33701, for Defendant Dagostino, and (b) Wanda Hagan Golson, Esq., Golson Legal, P.A., 1724 E. 5th Avenue, Tampa, Florida 33605, for Defendants Lyons and Simon.

Frank Dagostino, Robert Lyons, and Jody Simon.

Plaintiff shall proceed without delay to move for a default judgment pursuant to Fed. R. Civ. P. 55(b). *See* Local Rule 1.07(b). Plaintiff's motion for default judgment shall demonstrate as a matter of law and fact that this Court has subject matter jurisdiction over this matter.[4]

Finally, as Plaintiff informs the Court that Defendant Patrick Sheppard has filed for protection under Chapter 7 of the Bankruptcy Code (Dkt. 11 at 1 n.1), this action is **STAYED** as to Defendant Sheppard. *See* 11 U.S.C. § 362(a).

**DONE AND ORDERED** in Tampa, Florida, on this 24th day of August, 2010.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record

---

[4] Although it appears from the Complaint filed in *Trump I* that the parties are diverse and the amount in controversy apparently exceeds the jurisdictional minimum, *see* Dkt. 6 ¶¶ 12-14, Plaintiff's Amended Verified Complaint for Breach of Settlement Agreement (Dkt. 6) alleges that "[t]his Court has jurisdiction over Trump's claims . . . pursuant to paragraph 11(b) of the [parties'] Settlement Agreement." (Dkt. 6 ¶ 1). Parties cannot confer subject matter jurisdiction on a federal court by agreement or waiver. *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Moreover, the fact that a settlement agreement was executed in connection with an earlier federal action over which the Court had subject matter jurisdiction does not by itself provide an adequate basis for subject matter jurisdiction over an action to enforce the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378, 381-82 (1994).